## NUCKOLS Alias KING v. NUCKOLS.

---

### APPEAL AND ERROR.

1. An appeal will lie to this court from an order of the lower court awarding the custody of a child; and a supersedeas bond, if given, will stay execution of the order until the appeal is determined. (Citing *Goldsmith* v. *Valentine,* 35 App. D. C. 299, s. c. 36 App. D. C. 63.)

2. This court, on an *ex parte* application by the party aggrieved, has no jurisdiction to issue an order directing the lower court to stay execution of an order made by that court, where no appeal has been taken and perfected to this court from such order.

No. 381. Original Docket. Submitted March 8, 1912. Decided March 11, 1912.

PETITION for an order directing the Supreme Court of the District of Columbia to stay the execution of an order awarding the custody of a child.        *Denied.*

The facts are stated in the opinion.

*Mr. W. E. Ambrose* for the petitioner.

*Mr. C. M. Fulton* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The petitioner, Rosa Lee Nuckols, alias King, alleges that in a certain habeas corpus proceeding in the supreme court of the District of Columbia, brought by Thomas N. Nuckols, her former husband, to procure the custody of a child held by petitioner, a final order was entered, March 5, 1912, awarding the custody of said child to the said Thomas N. Nuckols. That petitioner noted an appeal from said order, and prayed the court to fix the amount of a supersedeas bond to stay the execution of the order pending proceedings on appeal. That the court refused to fix the amount as prayed, or to receive a supersedeas bond, and forthwith directed the child to be given into the custody of said Thomas N. Nuckols. That the court further ordered that, unless the court of appeals should act in the premises, the said Thomas N. Nuckols would be permitted to remove said child to his home in the State of Virginia; and that said Thomas N. Nuckols has declared his intention so to do. Petitioner prays for an order commanding the said court to stay the execution of said order, or to issue a writ under sec. 11 of the act creating the court of appeals, which invests said court with the power to issue all necessary and proper remedial prerogative writs in aid of its appellate jurisdiction.

It has been heretofore decided that one appealing from a similar order is entitled, as in other cases, to give a supersedeas bond. *Goldsmith* v. *Valentine,* 35 App. D. C. 299. It was

there said that to permit the order to be enforced—under which the subject-matter of the litigation might be removed beyond the jurisdiction—"would render futile the appeal taken. Such a situation cannot, of course, be permitted. The parties to the appeal are entitled to have a *status quo* maintained during its pendency." Nor, as was held in the same case on hearing of the appeal taken (36 App. D. C. 63–67) can the trial court award the temporary custody of the infant to any person not a party to the proceeding. See Code sec. 1150 [31 Stat. at L. 1373, chap. 854].

The difficulty with the present case is that no appeal has been perfected to this court so as to confer jurisdiction upon it, as was the case in *Goldsmith* v. *Valentine,* supra. Consequently, this court is without jurisdiction to issue the order superseding the judgment pending appeal. The petition, for lack of a necessary party defendant, cannot be acted upon as an application for a writ of mandamus to compel the court below to fix the amount of a supersedeas bond.

Doubtless, however, the court below, when its attention is called to the decision in *Goldsmith* v. *Valentine,* supra, will fix the amount of a proper supersedeas bond, which, if given with approved security, will perfect the appeal and stay the execution of the order until the appeal shall have been determined. If not, the aggrieved party may then apply for a writ of mandamus.

For the reasons given, the petition will be denied.

*Denied.*